IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § | |
| IGNITE RESTAURANT GROUP, INC., Et al., | § § | CASE NO. 17-33550 (DRJ) |
| | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |

_____

| | | |
|---|---|---|
| | § | |
| DRIVETRAIN, LLC, as Trustee of the Ignite Restaurant Group GUC Trust, | § § | Adv. No. 19-03517 |
| | § | |
| Plaintiff, | § | |
| | § | |
| Vs. | § | |
| | § | |
| PERFORMANCE AWARD CENTER INC. | § § | |
| Defendant. | § | |

**<u>ANSWER TO COMPLAINT FOR AVOIDANCE</u>**

TO THE HONORABLE CHIEF JUDGE DAVID R. JONES:

COMES NOW Performance Award Center Inc., and files this its answer to the Complaint for Avoidance and Recovery of Preferential Transfers (the "Complaint"), filed by Drivetrain, LLC as Trustee for the Ignite Restaurant Group GUC Trust (the "Plaintiff"), and in support thereof, does respectfully show the Court as follows:

### I.    Introduction

1. Performance Award Center Inc., did regular business with Joe's Crab Shack by maintaining the products of that Debtor for sale via a website. The relationship between the parties was established and ordinary in both the objective and subjective sense. Additionally, some of the transactions which the Trustee seeks to recover are subject to a new value defense.

2. The allegations concerning the filing of the debtor entities on June 6, 2017, as alleged in paragraph 1 of the Complaint, is not contested.

3. The Trustee seeks recovery of payments (the "Ordinary Course Payments") set forth on the attached exhibit "A" to the Complaint. The effort to recover the Ordinary Course Payments is without basis.

4. The items in paragraph 3 of the Complaint appear to be correct, and are uncontested subject to further explanation.

5. The allegations in paragraph 4 of the Complaint are beyond the knowledge of Performance Award Center Inc., ("Performance"), and are denied.

6. Performance admits that it is a valid corporation organized and active under the laws of the State of Texas as alleged in paragraph 5 of the Complaint.

## II.   Jurisdiction and Venue

7. Performance admits that this Court has jurisdiction as alleged in paragraph 6 of the Complaint.

8. Performance admits that venue has been properly alleged as set forth in paragraph 7 of the Complaint.

9. The allegations in paragraph 8 of the Complaint are beyond the knowledge of Performance and are denied.

10. Performance is not obligated to admit or deny the allegations in paragraph 9 of the Complaint.

11. Performance consents to the entry of final orders by this Court.

### III. Background Facts

12. The allegations in paragraph 10 of the Complaint are beyond the personal knowledge of Performance. As those allegations do not impact the cause of action alleged, Performance does not contest the allegations, subject to further explanation.

13. The allegations in paragraph 11 of the Complaint are beyond the personal knowledge of Performance. While those allegations are likely to be substantially accurate, the allegations are denied until support is provided to support those allegations.

14. Performance received substantially in excess of the amount set forth in paragraph 12 of the Complaint in the ordinary course of its business with the Debtor. While the Debtor believes that the exhibit attached to the Complaint is representative of the payments received by Performance in the ninety (90) days prior to the bankruptcy filing, Performance has not yet fully reconciled the 33 pages and approximately 1380 transactions of Ordinary Course Payments to verify that the Trustee has correctly represented the payments made to Performance.

15. At the time of the filing of the bankruptcies, Performance had a claim of $53,638.41, including a §503(b)(9) claim of $48,978.00 for goods shipped between May 27, 2017 and June 5, 2017. A $4,660.41 claim remains unpaid.

### IV. Response to Request for Recovery of Transfer

16. The allegations in paragraph 13 through 23 of the Complaint, are primarily argument. To the extent that those allegations contain any factual allegations that were not previously denied or admitted, those allegations are denied.

### V. Affirmative Defenses

17. The requests for recovery under Section 547 and 550 are subject to an objective ordinary course defense.

18. The requests for recovery under Section 547 and 550 are subject to a subjective ordinary course defense.

19. The requests for recovery under Section 547 and 550 are subject to a new value defense.

20. The requests for recovery under Section 547 and 550 are subject to a contemporaneous exchange of value defense.

21. The requests for recovery under Section 547 and 550 are subject to a lack of standing defense.

WHEREFORE, PREMISES CONSIDERED, Performance prays that this Court deny the relief requested in the Complaint and find that the alleged recoverable transfers are fully defended under the provisions of 11 U.S.C. §547; and for such other and further relief as is just and equitable.

Respectfully submitted,

By:/s/Mark Petrocchi
Mark Petrocchi
State Bar No. 15851750
GRIFFITH, JAY & MICHEL, LLP
2200 Forest Park Blvd.
Fort Worth, TX  76110
Phone (817) 926-2500
Fax (817) 926-2505
mpetrocchi@lawgjm.com
COUNSEL FOR PERFORMANCE AWARD CENTER INC.

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the 3rd day of July, 2019 a true and correct copy of the foregoing document was served via CM/ECF to all parties authorized to receive electronic notice in this case including mwarner@coleschotz.com on behalf of the party listed below.

Michael D. Warner
Jason S. Pomerantz (Admitted *pro hac vice*)
Jeffrey P. Nolan (Admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jspomerantz@pszjlaw.com
jnolan@pszjlaw.com
- and -
Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: (817) 810-5250
Facsimile: (817) 810-5255
Email: mwarner@coleschotz.com
bwallen@coleschotz.com
*Counsel for Plaintiff*

*/s/Mark J. Petrocchi*
Mark J. Petrocchi